QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven G. Madison (Bar No. 101006)
  stevemadison@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendants Viktor Khrapunov,
Leila Khrapunova, Iliyas Khrapunov, and
Madina Ablyazova

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALMATY, a foreign state,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VIKTOR KHRAPUNOV, an individual;<br>LEILA KHRAPUNOV, an individual;<br>ILIYAS KHRAPUNOV, an individual;<br>MADINA ABLYAZOVA a/k/a<br>MADINA KHRAPUNOVA, an<br>individual; and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 2:15-cv-02628-FMO-CW<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**<br><br>[Declaration of Steven G. Madison, [Proposed] Order filed concurrently herewith]<br><br>Hearing Date:　October 15, 2015<br>Hearing Time:　10:00 a.m.<br>Judge: Honorable Fernando M. Olguin |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that, on October 15, 2015, at 10:00 a.m., in Courtroom 22 of the United States District Court for the Central District of California—Western Division, located at 312 North Spring Street in Los Angeles, California, Quinn Emanuel Urquhart & Sullivan, LLP ("Counsel") will and hereby do move this Court for an order granting it leave to withdraw of counsel as to Defendants Viktor Khrapunov, Leila Khrapunova, Iliyas Khrapunov, and Madina Khrapunova (collectively, "Defendants") in the above-captioned matter, pursuant to L.R. 83-2.3, for good cause.   Notice has been provided to all parties pursuant to L.R. 83-2.3.2.   This motion is based on Defendants' longstanding failure to pay Counsel's fees and costs.

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently-filed Declaration of Steven G. Madison and such additional evidence and argument as may be presented at or before the hearing on this matter.

As set forth in the accompanying Declaration of Steven G. Madison, this Motion is made following a conference of counsel held on August 31, 2015, pursuant to Local Rule 7-3.

DATED: August 31, 2015        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   /s/ Steven G. Madison
        Steven G. Madison
        Anthony P. Alden

        Attorneys for Defendants Viktor Khrapunov, Leila Khrapunova, Iliyas Khrapunov, and Madina Ablyazova

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Attorneys for Defendants in this matter, Quinn Emanuel Urquhart & Sullivan, LLP ("Counsel" or "Quinn Emanuel") respectfully submits to the Court this motion for leave to withdraw as counsel based on Defendants' ongoing failure to pay Counsel's fees and costs.  Good cause exists to grant this motion.  Specifically, for several months Defendants have not fulfilled their obligation to pay the substantial fees and costs incurred by Counsel representing them in this matter and for services rendered in the related matter, Case No. 2:14-cv-03650.  According to the California Rules of Professional Conduct, the failure of a client to pay fees and costs is sufficient grounds for counsel to withdraw from representation.  Cal. R.P.C. 3-700.

Granting this motion will not prejudice Defendants or any other party. Counsel has zealously represented Defendants in this action, filing dispositive motions, a motion to stay discovery, and preparing and serving objections to Plaintiff's discovery requests.  Moreover, given the Court's recent scheduling order, it is clear that Defendants will have ample time to retain other counsel and withdrawal will not delay resolution of this matter.  Trial is set for August 23, 2016, and the other significant pre-trial dates are set well into 2016.

### Background

**The Present Action.**  On May 13, 2014, Plaintiff the City of Almaty filed a lawsuit in this Court (Case No. 2:14-cv-03650), alleging an international racketeering conspiracy spanning over a decade, against 15 defendants (the "related action"):  the former *akim* (a leader of a municipality, district, or provincial government in Kazakhstan) of Almaty, Viktor Khrapunov ("Viktor"); his former wife, Leila Khrapunova ("Leila"); Viktor and Leila's son, Iliyas Khrapunov ("Iliyas"); Iliyas's wife, Madina Ablyazova ("Madina"); Viktor and Leila's daughter, Elvira Kudryashova ("Elvira"); Elvira's husband, Dmitry Kudryashov

("Dmitry"); and six entities alleged to be involved in Viktor's "racketeering scheme." Dkt. No. 1, 2:14-cv-03650. On January 16, 2015, the Court dismissed the four Switzerland-based Defendants— Viktor, Leila, Iliyas and Madina—from the related action because of Plaintiff's unexcused failure to effect timely service on them under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Dkt. No. 68, 2:14-cv-03650. Thereafter, on April 8, 2015, Plaintiff filed the present action against Defendants (Viktor, Leila, Iliyas and Madina). Dkt. No. 1, 2:15-cv-02628.[1] Plaintiff asserts five causes of action against Defendants in this matter, premised on substantially the same allegations as in the related action: (1) violations of the Racketeering Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(c), 1962(d), 1964); (2) breach of fiduciary duty; (3) conversion and conspiracy to commit conversion; (4) fraud and deceit and conspiracy to defraud; and (5) an accounting and imposition of a constructive trust and equitable lien. Dkt. No. 1.

**Counsel's Representation of Defendants**. In June 2014, Defendants retained Counsel to represent them in the related action and, thereafter, in this action. Declaration of Steven G. Madison ("Madison Decl."), ¶ 2. Unfortunately, for several months now, Defendants have failed to timely pay fees and costs for services rendered in this action and the related action. *Id*. Counsel has diligently sought payment of the past-due amounts while continuing to zealously represent Defendants in this Action. *Id*. Nevertheless, Defendants have failed to pay a substantial amount of fees and costs owed. *Id*.

**Counsel Prepares and Files Defendants' Motion to Dismiss**. On July 6, 2015, Counsel filed on behalf of Defendants two motions to dismiss pursuant to two separate sections of the Federal Rules of Civil Procedure. One motion seeks dismissal for Plaintiff's failure to state a claim pursuant to Federal Rule of Civil

---

[1] On May 4, 2015, the Court deemed the two matters related and consented to the transfer of the present action to this Court. Dkt. No. 8, 2:15-cv-02628.

Procedure 12(b)(6).  Dkt. No. 20.  The other motion, brought pursuant to Federal Rule 12(b)(2), is premised on the Court's lack of personal jurisdiction over Defendants.  Dkt. No. 19.  These matters are currently set for hearing on September 24, 2015.

**Counsel Prepares and Files Defendants' Motion to Stay Discovery**.  The day after Counsel filed Defendants' Motions to Dismiss, Plaintiff served on Defendants four sets of requests for production and four sets of special interrogatories.  Madison Decl., ¶ 4.  On July 20, 2015, Defendants filed a Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, on the Basis of *Forum Non Conveniens*.  Dkt. No. 23.  The Motion to Stay is also currently set for hearing on September 24, 2015.  Then, on August 6, 2015, Counsel timely served objections to Plaintiff's four sets of requests for production and four sets of special interrogatories, including on the basis that the Court lacks personal jurisdiction over Defendants.  Madison Decl. ¶ 4.  Accordingly, no substantive party discovery has actually taken place in the case.

**The Court's Scheduling Order.**  On August 3, 2015, the Court issued its Scheduling and Case Management Order Re: Jury Trial.  Dkt. No. 24.  Therein, the Court set the trial in this matter for August 23, 2016.  *Id*. at 18.  The Court also set the fact discovery cut-off for February 4, 2016, and the expert discovery cut-off for April 18, 2015.  *Id*. at 17.  The parties have until May 18, 2016 to file dispositive motions.  *Id*. at 18.

<u>**Argument**</u>

**I.   GOOD CAUSE EXISTS TO GRANT COUNSEL'S MOTION FOR LEAVE TO WITHDRAW**

Pursuant to Local Rule 83-2.3.2, the Court may grant an order of withdrawal as counsel upon a showing of good cause.  Although the Local Rules do not expound on what constitutes "good cause," federal courts have looked to the

applicable state rules of professional conduct to determine permissible grounds for withdrawal. *See Global Acquisitions Network v. Bank of Am. Corp.*, 2013 WL 6804660, at *1 (C.D. Cal. Dec. 20, 2013) ("In determining whether adequate grounds exist for excusing counsel from further representation, federal courts generally look to applicable state law.").

The California Rules of Professional Conduct permit counsel to withdraw from representation as attorney of record if the client "breaches an agreement or obligation to the member as to expenses or fees." Cal. R.P.C. 3-700(c)(1)(f). Moreover, as California courts have long held, "it is generally recognized that the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case." *Lempert v. Campbell*, 112 Cal. App. 4th 1161, 1173 (2003) (quoting *People v. Prince*, 268 Cal. App. 2d 398, 406 (1968)). District Courts within California, including the Central District, have repeatedly held that failure to pay fees constitutes good cause for withdrawal of counsel. *See, e.g.*, *Acquisitions Networks*, 2013 WL 6804660, at *1-2 (granting motion to withdraw where attorney "has not received payment" for "much of the work he has performed in this matter"); *Arch Ins. Co. v. Allegiant Prof. Bus. Servs.*, 2012 WL 1745585, at *1 (C.D. Cal. May 16, 2012) (declaration demonstrating client's failure to pay legal fees "made a sufficient showing of good cause"); *Hawecker v. Sorenson*, 2012 WL 1119449, at *2-3 (E.D. Cal. April 3, 2012) (breach of client's obligations to pay fees constituted grounds for withdrawal).

For several months, Defendants have failed to pay fees and costs owed to Counsel and incurred to date in association with the defense of this action on behalf of Defendants and for work done on their behalf in the related action. Madison Decl., ¶ 2. Counsel has diligently sought payment of the outstanding fees and costs, over several months, without success. This constitutes a breach of Defendants' obligations to pay expenses and fees within the meaning of the Rules of

Professional Conduct. Accordingly, good cause exists to grant this motion to withdraw.

## II. NO PARTY WILL BE PREJUDICED BY THE WITHDRAWAL OF COUNSEL

Withdrawal of counsel will not unfairly prejudice Defendants or any other party in this action or the related action. The defendants in the related action are represented by other counsel and Quinn Emanuel is not and has not been counsel of record for them. Madison Decl., ¶ 6. Additionally, as noted above, Counsel has diligently and zealously represented Defendants in this action. Counsel has filed motions to dismiss for lack of personal jurisdiction and for failure to state a claim, has moved to stay discovery, and has recently responded to discovery served by Plaintiff. *Id*. ¶¶ 3-4.

Finally, pursuant to the Court's Scheduling Order, the trial for this matter is currently set for August 23, 2016. The end of fact discovery is not until February 4, 2016, the expert discovery cut-off date is not until April 18, 2016, and the parties have until May 18, 2016 to file dispositive motions. Dkt. No. 24. Given the time remaining before trial, and the fact that Counsel has already briefed issues dispositive to this matter, granting withdrawal cause no delay. Defendants have ample time to obtain suitable legal counsel, if they so choose, and Plaintiff should not face any delay in the prosecution of its claims. Accordingly, no party will be prejudiced by Counsel's withdrawal from this matter.

## Conclusion

For all the foregoing reasons, Counsel respectfully requests that the Court grant it leave to withdraw as Counsel from this matter.

DATED: August 31, 2015            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Steven G. Madison
 Steven G. Madison
 Anthony P. Alden

 Attorneys for Defendants Viktor Khrapunov, Leila Khrapunova, Iliyas Khrapunov, and Madina Ablyazova